FILED
CLERK
2:04 pm, Oct 09, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LONG ISLAND THORACIC SURGERY, P.C.
and SHAHRIYOUR ANDAZ, M.D. ,

      Plaintiffs,

  -against-        **ORDER**
             **17-CV-163(SJF)(AYS)**

BUILDING SERVICE 32BJ HEALTH FUND,

      Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

  Pending before the Court are the objections of defendant Building Service 32BJ Health Fund ("defendant" or the "Fund") to so much of the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated September 3, 2019 ("the Report"), as recommends: (i) denying the branch of its motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the state law claims of plaintiffs Long Island Thoracic Surgery, P.C. and Shahriyour Andaz, M.D. (collectively, "plaintiffs") as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; and (ii) declining to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3). For the reasons set forth below, defendant's objections are overruled and the Report is accepted in its entirety.

I.  Discussion

  A.  Standard of Review

  Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only

for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Defendant's Objections

Initially, defendant's general objections to the Report, merely "incorporat[ing] by references [sic] all arguments previously made in the Fund's Memorandum of Law and Reply Memorandum of Law[,]" (Defendant's Objections to the Report ["Def. Obj."] at p. 3, n. 2), are insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "merely referring the court to previously filed papers or arguments does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)." (quotations, alterations and citations omitted)); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation, which merely asked the district court to review his opposition to the defendants' motion to dismiss, was insufficient to obtain *de novo* review). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

Defendant contends, *inter alia*, the Magistrate Judge Shields erred: (i) in "utiliz[ing] an incorrect analysis in determining that the amounts of the payments were not pre-empted[,]" (Def. Obj. at 3); (ii) in failing to recognize "that a distinction exists between the matter at hand and the

3

cases upon which the [Report's] recommendation is based, (*e.g.* out of network as opposed to in network) on the [purportedly incorrect] assumption that the only remaining issue is the amount that application of Empire's fee schedule would produce[,]" (*id.* at 4); and (iii) in failing to dismiss plaintiffs' state law claims against it on the merits.[1] According to defendant, since plaintiffs "are not saying that the rates as calculated and as paid are wrong[,]" but rather "that the rates are artificially low and therefore subject to review with a court to decide what reimbursement rate should be 'reasonable,'" this case involves a "right to payment" issue, "not an issue of 'amount' of reimbursement." (*Id.* at 4-5).

Upon *de novo* review of the findings and conclusions in the Report to which defendant specifically objects, all motion papers and the entire record, and consideration of defendant's objections to the Report and plaintiffs' response thereto, defendant's objections are overruled and the Report is accepted in its entirety. The Report correctly concludes, in essence, that plaintiffs' claims involve an issue of the "amount of payment" and, thus, do not present a colorable claim for benefits under ERISA § 502(a)(1)(B). *See generally Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 330-31 (2d Cir. 2011); *e.g. Garber v. United Healthcare Corp.*, No. 15-cv-1638, 2016 WL 1734089, at * 4-5 (E.D.N.Y. May 2, 2016) (finding that since the plaintiff's allegations "that the Fair Database UCR is an incorrect and artificially low reference point[] . . . turn[ed] on the methodology that Fair Health, Inc. (which Plaintiff did not sue) utilized to arrive at that UCR[,] . . . [which] does not depend upon the terms of any ERISA-governed insurance agreements assigned to him[,]" his claims involved an "amount-of-payment rather than a right-to-payment dispute"). Accordingly, defendant's objections to so much of the Report as recommends denying the branch of its motion seeking summary judgment pursuant to

---

[1] Defendant specifically requests that this Court "reconsider the remand of the last two causes of action, which sound in defamation." (Def. Obj. at 8).

Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiffs' state law claims as preempted by ERISA are overruled and that branch of the Report is accepted in its entirety.

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988), a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court.") The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over any pendent state law claims. *Cohill*, 484 U.S. at 350, 108 S. Ct. 614; *accord Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014).

Generally, where, as here, all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. *See Cohill*, 484 U.S. at 350; *Kroshnyi*, 771 F.3d at 102 ("A court may decline to exercise supplemental jurisdiction[] . . . if, among other factors . . . [it] has dismissed all claims over which it has original jurisdiction." (quotations and citations omitted)); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quotations and citation omitted)). Accordingly, defendant's objections to so much of the Report as recommends

5

declining to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3) are overruled and that branch of the Report is accepted in its entirety.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Shields to which no specific objections are interposed, those branches of the Report are accepted in their entirety.

IV. Conclusion

For the reasons set forth above, defendant's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs' ERISA claims on behalf of P.S. are dismissed for lack of standing; defendant's motion is otherwise denied; plaintiffs' ERISA claims are dismissed in their entirety with prejudice; and plaintiffs' state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims timely filed in this Court is tolled **for a period of thirty (30) days after the date of this order** unless a longer tolling period is otherwise provided under state law. *See generally Artis v. District of Columbia*, --- U.S. ---,138 S. Ct. 594, 598, 199 L. Ed. 2d 473 (2018).

SO ORDERED.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: October 9, 2019
Central Islip, New York